IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 23 PM 4:44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| ABDISITAR JAMA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2965 Ma/P |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

---

**ORDER DENYING DEFENDANT GIBBS' MOTION FOR RECONSIDERATION**

---

This case arises from Plaintiff Abdisitar Jama's arrest by Memphis police officers. Plaintiff brings suit under 42 U.S.C. § 1983, the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-101, et seq., and Tennessee common law. Before the court is Defendant Officer Maverick Gibbs' ("Gibbs") August 15, 2005 motion for reconsideration of the Court's July 13, 2005 order on motions for summary judgment. During the July 15, 2005 Pre-Trial Conference, Gibbs was given permission by the Court to file a motion for reconsideration within 30 days. Thus, Gibbs' motion for reconsideration was timely filed. Plaintiff responded to the motion on September 15, 2005. Gibbs filed a reply to Plaintiff's response on September 30, 2005. For the following reasons, Gibbs' motion for reconsideration is DENIED.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12-27-05_

91

## I. Background

The complaint alleges the following facts. In the early morning hours of January 5, 2003, Jama was in his apartment with Shakib Hassan. (Compl. at ¶ 21.) When Jama's roommate, Ali Hayle, arrived at the apartment, an argument began between Jama and Hayle. (Id. at ¶¶ 22-23.) Officer Maverick Gibbs had been dispatched to the apartment building in response to an unrelated incident. (Id. at ¶ 24.) Hayle encountered Gibbs in the hall and asked Gibbs to accompany him back to his apartment. (Id. at ¶ 25.) Gibbs followed Hayle to the apartment and asked Jama and Hassan to be quiet. (Id. at ¶ 26.) Gibbs then left the apartment. (Id. at ¶ 27.) He returned a short time later, at which point Gibbs and Jama began to fight. (Id. at ¶¶ 27-28.)

During the course of the fight, Officers Cathy Beacham and Julius Beasley arrived on the scene. (Id. at ¶ 36.) Before the fight ended, Gibbs had struck and kicked Jama, causing his eye, nose, mouth and cheek to bruise and/or bleed, sprayed Jama with mace, and kicked Jama, causing him to land headfirst on the floor. (Id. at ¶¶ 30-34.) Gibbs eventually handcuffed Jama and placed him under arrest. (Id. at ¶¶ 35, 39.) After restraining Jama, Gibbs continued to assault him. (Id. at ¶¶ 37-38.) Gibbs and Beacham lifted Jama from the floor and, because Jama was having difficulty walking, Gibbs assisted him from the apartment. (Id. at ¶¶ 40-41.)

When Gibbs and Jama reached the stairs leading to the parking

lot, Gibbs released Jama, allowing him to fall down the stairs. (<u>Id.</u> at ¶ 42.) Shortly after the fall, Lieutenant Frank Bell arrived at the scene, picked Jama up and placed him in Gibbs' vehicle. (<u>Id.</u> at ¶ 45.) Bell did not seek to assist Jama further despite his obvious injuries, and Gibbs did not inform Bell of the preceding events. (<u>Id.</u> at ¶¶ 44-46.) After approximately ninety minutes, while still in handcuffs, Jama was taken to the Regional Medical Center at Memphis ("the Med"). (<u>Id.</u> at ¶¶ 47-50.) Four hours after arriving at the Med, Jama was removed from the police holding area for a CAT scan. (<u>Id.</u> at ¶¶ 50-51.) Six hours after his arrival, Jama's handcuffs were removed for the first time so that surgery could be performed.[1] (<u>Id.</u> at ¶¶ 50, 52.) Jama's vital signs did not stabilize until approximately seven days later on January 12, 2003. (<u>Id.</u> at ¶ 54.)

## II. Jurisdiction

Plaintiff brings suit under § 1983 for violations of his Fourth and Fourteenth Amendment rights. This court, therefore, has jurisdiction under 28 U.S.C. § 1331. The court has jurisdiction over pendant state claims under 28 U.S.C. § 1367.

## III. Analysis

Gibbs' motion asserts that Jama has offered insufficient

---

[1] The complaint is unclear as to Jama's injuries, stating that he was taken to surgery "as a result of blunt trauma, or bleeding, to the head." (Compl. at ¶ 52.) The complaint seems to confuse the cause of the injury, blunt force trauma, with the injury itself, bleeding.

evidence to overcome a defense of qualified immunity and survive summary judgment on his excessive force claim against Gibbs. "Qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).

Decisions about qualified immunity require a three-step inquiry. First, whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. Second, whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003)(quotations omitted); see also Katz, 533 U.S. at 200; Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999) (en banc).

The first question is the source of the constitutional right allegedly violated. See Graham v. Connor, 490 U.S. 386, 394 (1989)("In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Jama was a free person at the time of the incident and the use of

4

force occurred in the course of an arrest.  Therefore, Jama's claim
arises under the Fourth Amendment and its reasonableness standard.
Graham, 490 U.S. at 395.  Because law enforcement officers are
often forced to make split-second decisions in circumstances that
are volatile and tense, the amount of force necessary in a
particular situation and the reasonableness of the officer's belief
as to the necessary and appropriate level of force should be judged
from the officer's on-scene perspective. The officer's subjective
intentions are irrelevant to the Fourth Amendment inquiry.  Id. at
396-397.

The court noted in its July 13, 2005 order that Jama has
maintained, both in his complaint and in his deposition, that he
was assaulted after he had stopped resisting arrest and had been
securely restrained in handcuffs. (July 13, 2005 order at 12-13.)
Plaintiff offers the following excerpt from his deposition
testimony:

> Q. When you were down on your chest, was he [Gibbs]
> attempting to handcuff you?
> A. He was handcuffing me when I was down on the chest,
> when I fell down, and he was handcuffing me, and after
> maybe handcuffed maybe a few minutes, same time he
> handcuffed me, he started punching me.
> Q. So you are saying that the officer hit you after you
> were handcuffed?
> A. Yes, sir.
> Q. And he hit you where?
> A. Same side [left side of the head, as described
> earlier].
> Q. With what?
> A. With fist.

(Jama Depo. 96:10-23.)  In response, Gibbs argues that Jama was not

fully neutralized, was secured by only one handcuff at this time, and any reasonable officer responding to the scene and confronting the same circumstances would conclude that there was justification under the law for acting as Gibbs did. (Mem. in Supp. of Mtn. to Reconsider at 18-19, 21.)   Gibbs contends that Jama was not assaulted after he had been fully cuffed and neutralized. (Id. 20.) Although Gibbs' contentions may indeed be true, in a qualified immunity analysis, the Court must ask whether the facts, viewed in the light most favorable to Plaintiff, establish a constitutional violation. See Feathers, 319 F.3d 843, 848 (6th Cir. 2003).   They do.

It is well established law that assaulting an arrestee who has already been handcuffed violates clearly established constitutional rights. See, e.g., Phelps v. Coy, 286 F.3d 295, 302 (6th Cir. 2002); Polk v. Hopkins, 129 Fed. Appx. 285, 290-91 (6th Cir. 2005)(citing McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988).  Viewing the facts in the light most favorable to Jama, there is a genuine issue of fact about the extent to which Jama was restrained and, therefore, an issue about whether the force used was reasonable.  Thus, Jama has established a constitutional violation for the purposes of this qualified-immunity inquiry.

As to the second step of the inquiry, to the extent Jama had been restrained in handcuffs, there was no governmental interest in using unnecessary physical force.  If Jama was indeed punched

repeatedly after being handcuffed, he had a clearly established right not to be subjected to excessive force. If Jama, after being securely restrained in handcuffs, fell down the stairs because of an intentional action by Gibbs, Jama had a clearly established right not to be subjected to such abuse. <u>See generally</u>, <u>McDowell v. Rogers</u>, 863 F.2d 1302, 1307 (6th Cir. 1988) ("Everyone agrees that Mr. McDowell was handcuffed and that he was not trying to escape or to hurt anyone. The need for the application of force was, thus nonexistent...").

Finally, when viewing the facts in the light most favorable to Plaintiff, the court concludes that Gibbs' actions were objectively unreasonable. Gibbs was no longer reasonably in fear for his safety when Jama was allegedly repeatedly punched because additional officers had arrived and Jama was restrained in handcuffs. Jama was also restrained when Gibbs allegedly caused Jama to fall down the stairs.

Because Jama has offered sufficient evidence to overcome a defense of qualified immunity, Defendant Gibbs' motion for reconsideration is DENIED.


So ORDERED this **22d** day of December 2005.

_Samuel H. Mays signature_

_____

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 91 in case 2:03-CV-02965 was distributed by fax, mail, or direct printing on December 27, 2005 to the parties listed.

---

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Mary Elizabeth McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable Samuel Mays
US DISTRICT COURT